## Commonwealth v. Clark.

*Criminal law—Automobiles—Excessive speed—Evidence—Act of June 30,.*
*1919—Justice of the peace—Summary conviction.*

1. Where a defendant is summarily convicted before a justice of the peace of
excessive speeding in violation of the Act of June 30, 1919, P. L. 678, he will not be
permitted to contend at his trial in the Quarter Sessions on the appeal that he
cannot be convicted upon the testimony of one witness alone, and that, in order to
convict him of speeding, the rate of speed must be timed over a measured stretch.

2. When such a case comes to trial in the Quarter Sessions, it stands as though
it had been instituted there and must be tried on the law and evidence, irrespec-
tive of what the justice of the peace decided.

Violation of motor-vehicle law. Appeal from summary conviction. Q. S.
Montgomery Co., April Sess., 1926, No. 51.

*J. B. Holland,* for Commonwealth; *Wm. F. Dannehower, Jr.,* for defendant.

KNIGHT, J.—The defendant was convicted before a justice of the peace of
a violation of section 19 of the Act of Assembly approved June 30, 1919, P. L.
678, and from such conviction appealed.

At the hearing upon the appeal the Commonwealth called but one witness,
Benjamin Restine, a police officer of Lower Merion Township. Officer Restine
testified that March 27, 1926, the defendant was driving an automobile in an
easterly direction on Montgomery Avenue, in Lower Merion Township; that
the witness trailed defendant for the distance of one-quarter of a mile; that
the speedometer on the witness's motorcycle showed defendant was driving at
a rate of speed of thirty-four miles an hour. The witness also testified that,
from his knowledge of the speed of automobiles, it was his opinion that the
defendant was driving at a rate of speed over thirty miles an hour. Officer
Restine also testified that, for the entire distance that he trailed the defend-
ant, the defendant was within the limits of properly erected signs limiting
the speed of automobiles to fifteen miles an hour. The officer further testified
that the defendant admitted to him that he was driving at the rate of speed
of thirty miles an hour, but denied driving over the rate of thirty miles an
hour.

The defendant offered no testimony.

In the light of the uncontradicted testimony that the defendant was driving
his car at 5.45 in the evening, at the rate of thirty-four miles an hour, over
a stretch of public highway where the speed of automobiles was legally
restricted to fifteen miles an hour, it is not difficult to find that the defendant
was driving at an unlawful rate of speed, in violation of section 19 of the Act
of June 30, 1919.

The defendant contends, however, that section 29 of the Act of 1919, above
referred to, requires that, in ascertaining whether or not the operator of a
motor-vehicle is violating the provisions of the act with respect to speed, no
conviction can be had upon the uncontradicted evidence of one witness, and
further contends that, inasmuch as the transcript shows the defendant was
convicted of "speeding," and further shows that only one witness was called,
that, therefore, the conviction was illegal.

When an appeal is taken from a summary conviction rendered by a justice
of the peace, the case is tried *de novo* in the Court of Quarter Sessions. In
such cases, the case stands in the higher court as though it had been instituted
there and must be tried on the law and evidence, irrespective of what the jus-
tice of the peace decided: 12 Cyc., 336; Com. *v.* Clark, 3 Pa. Superior Ct. 141.

Commonwealth v. Clark.

On the evidence produced before us on the appeal, we find the defendant guilty of a violation of section 19 of the Act of 1919. Nor is the contention of the defendant that he could not be convicted on the unsupported testimony of one witness sound. Section 29 of the act applies only to cases in which the rate of speed is timed on a measured stretch, in which case the law requires that conviction shall be had only on the testimony of two witnesses, one of whom shall be stationed at each end of the measured stretch. It is a novel proposition of law that no conviction can be had for driving an automobile at an unlawful rate of speed unless it was shown that the car was operated over a measured stretch and timed by two persons.

And now, to wit, May 14, 1926, the defendant, Horace E. Clark, is hereby found guilty of operating a motor-vehicle, on March 27, 1926, on Montgomery Avenue, in Lower Merion Township, Montgomery County, recklessly and at a rate of speed greater than was reasonable and proper, having regard to the width, traffic and use of the highway and at a rate of speed exceeding one mile in two minutes, in violation of section 19 of the Act of June 30, 1919. Said Horace E. Clark shall be and appear in the Court of Quarter Sessions of the Peace in and for the County of Montgomery, Pennsylvania, at 9 o'clock A. M., on June 4, 1926, to receive the sentence of the court.

From Aaron S. Swartz, Jr., Norristown, Pa.